

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**DECISION AND ORDER**

v.

14-CR-6181 EAW

EARL McCOY and MATTHEW NIX,

Defendants.

## BACKGROUND

Defendants Earl McCoy ("McCoy") and Matthew Nix ("Nix") (collectively "Defendants"), represented by counsel,[1] both stand accused by way of a ten-count second superseding indictment (the "Indictment") returned on November 19, 2015, as follows:

Count One—Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a);

Count Two—use of firearms during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2;

Count Five—narcotics conspiracy in violation of 21 U.S.C. § 846;

Count Six—possession of firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2;

Count Nine—Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2; and

---

[1]     Defendant Matthew Nix was initially represented by court-appointed counsel Paul MacAulay (Dkt. 82), but subsequently elected to proceed *pro se* (Dkt. 92; Dkt. 96; Dkt. 98) and also requested the appointment of standby counsel (Dkt. 107). Attorney Michael J. Witmer was appointed as standby counsel. (Dkt. 108). Thereafter, Nix requested that Attorney Witmer be appointed as counsel on his behalf (Dkt. 143), and at an appearance on November 4, 2016, the Court granted that request (Dkt. 147; Dkt. 148). In addition, the Court confirmed with Attorney Witmer at the appearance on November 4, 2016, that the matters before the Court had been fully briefed and no further supplemental briefing was required. (Dkt. 147).

      Count Ten—use of firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

(Dkt. 79 at 1-2, 4-5, 6-7).  In addition, McCoy is charged individually in the following additional counts:

      Count Three—attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2;

      Count Four—use of firearms during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2;  and,

      Count Seven—possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2.

(Dkt. 79 at 3-4, 5).  Finally, Nix is charged individually in Count Eight with possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. (*Id.* at 6).

      This Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).  (Dkt. 80).  On September 21, 2016, Magistrate Judge Payson issued a thorough Report & Recommendation and Decision & Order, addressing various pretrial motions filed by Defendants.  (Dkt. 136).

      Pursuant to Fed. R. Crim. P. 59(b)(2) and 28 U.S.C. § 636(b)(1)(C), the parties had 14 days after being served a copy of the Report & Recommendation to file objections.  The Court granted McCoy an extension of time until October 19, 2016, to file objections.  (Dkt. 137).  Nix filed objections on October 11, 2016[2] (Dkt. 138), and

---

[2]      Nix's objections were technically not filed in a timely manner, since only McCoy requested and obtained the extension of time to file objections.  (Dkt. 137).  Nonetheless,

McCoy filed objections on October 19, 2016 (Dkt. 141). The Government filed its response to the objections on November 2, 2016 (Dkt. 146), at which time the Court took the matter under advisement (Dkt. 149).

## STANDARD OF REVIEW

Magistrate Judge Payson addressed Defendants' pretrial motions through a Report & Recommendation and Decision & Order, dealing with both dispositive and non-dispositive issues. (Dkt. 136). McCoy's objections addressed the recommendations with respect to his dispositive pretrial motions, but Nix's objections addressed both dispositive and non-dispositive aspects of Magistrate Judge Payson's determinations.

A district court reviews *de novo* any specific objections to a report and recommendation addressed to a dispositive issue. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). To trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Following review of the report and recommendation, the district judge

---

particularly because of Nix's *pro se* status at the time of the filing of the objections, the Court will consider Nix's objections as though timely filed.

"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On the other hand, in order to warrant reversal of a non-dispositive determination by a magistrate judge, a party must demonstrate that the decision is "clearly erroneous or contrary to law." *Id.* § 636(b)(1)(A). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused h[er] discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes . . . ." (quotation omitted)).

## THE OBJECTIONS

The Court has carefully reviewed and considered the Report & Recommendation and Decision & Order issued by Magistrate Judge Payson on September 21, 2016 (Dkt. 136), the objections filed by both Nix (Dkt. 138) and McCoy (Dkt. 141), and the pretrial motion submissions filed by both Nix and McCoy before Magistrate Judge Payson (Dkt. 69; Dkt. 95; Dkt. 109; Dkt. 118). Based upon a *de novo* review of the record, the Court accepts the proposed findings and recommendations contained in the Report &

Recommendation in their entirety. Furthermore, the Court determines based upon the record before it that the parts of Magistrate Judge Payson's Decision & Order to which Nix has filed objections were neither clearly erroneous nor contrary to the law. The Court makes these determinations based upon the thoughtful and thorough reasoning set forth in Magistrate Judge Payson's Report & Recommendation and Decision & Order, and will not in this Decision and Order repeat that analysis. However, a few aspects of the objections warrant further discussion.

## McCOY'S REQUEST FOR DISMISSAL OF COUNTS THREE, FOUR, NINE AND TEN

McCoy argues that because the Indictment does not charge that he acted "knowingly" or "willfully" to obstruct commerce, the Indictment fails to recite an essential element of the substantive offense necessary for a finding of a Hobbs Act robbery, and therefore the Ninth Circuit Court of Appeals' decision in *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999), requires dismissal.

Magistrate Judge Payson rejected this argument in her Report & Recommendation, noting that the substantive Hobbs Act robbery counts charge McCoy with "unlawfully" obstructing or attempting to obstruct commerce "by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1)." (Dkt. 79 at 3, 6-7). The Report and Recommendation goes on to note that robbery is defined in § 1951(b)(1) as follows:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, *against his will*, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.

18 U.S.C. § 1951(b)(1) (emphasis added).   Because the Second Circuit has recognized that "robbery" under § 1951(b)(1) implies "knowing" and "willful" conduct, and a Hobbs Act charge that alleges it is based on § 1951 robbery is sufficient even if it does not explicitly articulate the terms "knowingly" and "willfully," Magistrate Judge Payson concluded that McCoy's reliance on *Du Bo* was foreclosed by controlling Second Circuit authority—namely the decisions in *United States v. Jackson*, 513 F. App'x 51, 55 (2d Cir.), *cert. denied*, 133 S. Ct. 1848 (2013), and *United States v. Tobias*, 33 F. App'x 547, 549 (2d Cir. 2002), *cert. denied*, 538 U.S. 933 (2003).  (Dkt. 136 at 11).

In the papers submitted to Magistrate Judge Payson, McCoy acknowledged that the Second Circuit Court of Appeals "has ruled to the contrary," but he was asserting this argument to preserve the issue given the lack of authority from the Supreme Court.  (Dkt. 69-1 at ¶ 18; Dkt. 75; Dkt. 109-1 at 6).  Yet, in his objections, McCoy appears to argue that the Second Circuit decisions relied upon in the Report & Recommendation are distinguishable from the present situation, because in this case McCoy contends that the Indictment fails to comply with the Fifth Amendment, not that he has been prejudiced by a lack of adequate notice.  (Dkt. 141 at 4-5).  McCoy also attempts to distinguish the Second Circuit's decision in *Tobias* on the ground that it addressed the issue under a "plain error" standard because the defendant had made no pretrial motions.  (*Id.* at 4).

Although not articulated precisely by McCoy, it appears that he is attempting to argue that the failure to include the words "knowingly" or "willfully" in the Indictment violates the Grand Jury clause of the Fifth Amendment, which requires presentation of

charges against a defendant to a grand jury. *See Harris v. United States*, 536 U.S. 545, 549 (2002) ("In federal prosecutions, 'no person shall be held to answer for a capital[] or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury' alleging all the elements of the crime." (alterations omitted) (quoting U.S. Const. amend. V)).   McCoy appears to contend that the Second Circuit's decisions in *Tobias* and *Jackson* did not address the requirement of the Hobbs Act *mens rea* allegations in the context of the Fifth Amendment's Grand Jury clause, but rather limited their analysis to whether the defendant was provided with constitutionally adequate notice.

As explained by the court in *United States v. Thompson*, 141 F. Supp. 3d 188 (E.D.N.Y. 2015):

> A grand jury indictment 'performs three constitutionally required functions[:] "It permits the accused to be informed of the nature and cause of the accusation as required by the Sixth Amendment.  It prevents any person from being subject for the same offence to be twice put in jeopardy of life or limb as required by the Fifth Amendment.  Finally, it preserves the protection given by the Fifth Amendment from being 'held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'"

*Id.* at 194 (alterations in original) (quoting *United States v. Silverman*, 430 F.2d 106, 110 (2d Cir. 1970), *modified*, 439 F.2d 1198 (2d Cir. 1970)).   In view of these separate functions, McCoy appears to be arguing that *Tobias* and *Jackson* failed to address the requirement of including reference to "knowingly" and "willfully" in a Hobbs Act charge in order to comply with the Fifth Amendment's Grand Jury clause.[3]

---

[3]      Even if McCoy's argument was correct (which it is not) that *Tobias* and *Jackson* were limited to a challenge of the sufficiency of an indictment based on lack of notice, it

McCoy's attempts to distinguish the Second Circuit precedent on this basis are misplaced. In *Jackson*, the district court had specifically addressed the defendant's motion to dismiss the Hobbs Act charge on Fifth Amendment grounds for failure to allege the requisite *mens rea*. 749 F. Supp. 2d 19, 26 (N.D.N.Y. 2010). Like McCoy, the defendant in *Jackson* advanced his argument before the district court based on the Ninth Circuit's decision in *Du Bo*. *Id.* at 26 n.4. And like McCoy, the defendant in *Jackson* argued that the Fifth Amendment had been violated because the indictment did not specifically contain the "knowing" and "willful" *mens rea* elements of a Hobbs Act violation, and "a defendant must be convicted on the basis of the facts presented to the Grand Jury which indicted him." *Id.* at 26.

Recognizing that the criminal intent of acting knowingly and willfully must be conveyed in an indictment charging a Hobbs Act violation, the district court concluded that the Government satisfied its statutory and constitutional obligations by using the term "robbery" which necessarily conveyed the *mens rea* element of knowingly and willfully. *Id.* at 27. Reviewing the district court's decision *de novo*, the Second Circuit Court of Appeals affirmed the denial of the motion to dismiss the indictment. 513 F. App'x at 54-55. A review of the briefs submitted to the Second Circuit in connection with that *de novo* review reveals that the defendant in *Jackson* advanced the same arguments as advanced here by McCoy—that the indictment's failure to allege the requisite *mens rea* violated the Fifth Amendment's Grand Jury clause, that *Tobias* was

---

is difficult to see how the reasoning would not be just as applicable to a Fifth Amendment Grand Jury clause challenge.

distinguishable because it involved plain error review, and that *Du Bo*'s reasoning should be adopted—and these arguments were all rejected by the Second Circuit. Thus, binding Second Circuit precedent forecloses McCoy's arguments. *See also United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (reversing district court's dismissal of Hobbs Act indictment, even though it did not specify what it was that defendant allegedly conspired to steal or precisely how the conspiracy would have affected interstate commerce, where indictment tracked statutory language); *United States v. Santeramo*, 45 F.3d 622, 624 (2d Cir. 1995) (holding that "scienter need not be expressly" alleged in indictment charging violation of 18 U.S.C. § 924(c)); *cf. United States v. Woodruff*, 296 F.3d 1041, 1048 (11th Cir. 2002) (rejecting pretrial motion to dismiss indictment on the grounds that, among other things, it violated the Fifth Amendment's Grand Jury clause for failure to specifically allege that the Hobbs Act violation was committed "knowingly" or "willfully").

Moreover, even if *Du Bo*[4] were binding on this Court, that decision does not necessarily require a different result. *Du Bo* addressed an indictment that alleged the defendant "unlawfully" affected commerce "by the 'wrongful' use of force," but there

---

[4]     *Du Bo* also concluded that the failure to include an element of an offense in an indictment in violation of the Grand Jury clause of the Fifth Amendment "is not amenable to harmless error review." 186 F.3d at 1180. The Second Circuit has adopted a different approach, concluding defects in an indictment in violation of the Grand Jury clause are subject to a harmless error analysis. *United States v. Lee*, 833 F.3d 56, 68-73 (2d Cir. 2016).

was no reference, implied or otherwise, to the criminal intent through which the alleged extortion in that case was conducted.[5]  186 F.3d at 1179.

Here, Count Three charges McCoy with unlawfully attempting to obstruct, delay and affect commerce "by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1)" (Dkt. 79 at 3), and Count Nine charges McCoy and Nix with unlawfully obstructing, delaying and affecting, or attempting to obstruct, delay and affect commerce "by robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1)" (*id.* at 6).  Robbery is plainly defined in the referenced statute as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).  Thus, unlike *Du Bo*, this Court is not left to "guess as to what was in the minds of the grand jury at the time they returned the indictment."  186 F.3d at 1179 (quotation omitted).  Rather, as reflected by the express language in the Indictment, the grand jury in this case plainly determined that there was probable cause to believe that Defendants committed a Hobbs Act robbery (or attempted to do so) through the unlawful taking or obtaining of property against the person's will by means of actual or threatened force, or violence, or fear of injury, immediate or future.  Under settled

---

[5]      In contrast to the definition of robbery under the Hobbs Act, extortion is not expressly defined as being conducted "against [the] will" of the victim.  18 U.S.C. § 1951(b)(2).

Second Circuit precedent, this is plainly sufficient to allege the *mens rea* element of "knowingly" and "willfully" for a Hobbs Act violation.

## McCOY'S MOTION TO SUPPRESS IDENTIFICATION BY WITNESS GOMEZ[6]

McCoy argues that the identification procedures utilized with respect to Mr. Gomez were unduly suggestive, claiming at one point that the Spanish translation by Investigator Gonzalez was "suspicious" and that the investigators failed to remain neutral. (Dkt. 141 at 6-9). Magistrate Judge Payson rejected McCoy's arguments, recommending that the motion to suppress Mr. Gomez's identification be denied based upon the record presented through the testimony of the investigators involved in the identification procedure. (Dkt. 136 at 29-33).

As an initial matter, Magistrate Judge Payson necessarily determined that the investigators' testimony was credible, as she utilized that testimony to make her factual findings and conclusions of law as set forth in the Report & Recommendation. (*Id.* at 16-22, 29-33). "The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify

---

[6]     Nix argues in his objections that he also joins in McCoy's motion to suppress Mr. Gomez's identification testimony. (Dkt. 138 at 8). However, Nix has failed to establish his standing to suppress evidence of McCoy's identification. *See United States v. Jones*, 652 F. Supp. 1561, 1572-73 (S.D.N.Y. 1986) (defendant lacked standing to challenge identification of co-conspirators).

before the judge." (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999));
*Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the
magistrate's conclusions regarding the credibility of the central witnesses without hearing
live testimony from those witnesses, troubling questions of constitutional due process
would have been raised."); *cf. United States v. Raddatz*, 447 U.S. 667, 675-76 (1980)
(district court is not required to rehear witness testimony when accepting a magistrate
judge's credibility findings).

Moreover, the Court agrees with Magistrate Judge Payson's conclusions that the
procedures utilized during Mr. Gomez's identification were not unduly suggestive, for
the reasons set forth more thoroughly in the Report & Recommendation.  Accordingly,
this Court adopts the Report & Recommendation that McCoy's motion to suppress Mr.
Gomez's identification be denied.

## NIX'S OBJECTIONS BASED UPON ALLEGED PRE-INDICTMENT DELAY

Nix argues that the grand jury minutes should be inspected and/or the Indictment
dismissed because of pre-indictment delay, focusing on the fact that he was not named as
a defendant in this proceeding until the return of the Second Superseding Indictment on
November 19, 2015—approximately one year after the case was initially commenced.
(Dkt. 138 at 5-8).  Magistrate Judge Payson recommended the rejection of Nix's
arguments, finding that Nix failed to "explain or demonstrate how he has been
prejudiced, and no evidence exists to suggest that his ability to defend against the charges
has been impaired by that lapse of time." (Dkt. 136 at 14). *See United States v. Schaefer*,
859 F. Supp. 2d 397, 413 (E.D.N.Y. 2012) (to establish a due process claim based upon

pre-indictment delay, "a defendant bears the heavy burden of proving both that he suffered actual prejudice because of the alleged pre-indictment delay *and* that such delay was a course intentionally pursued by the government for an improper purpose" (brackets and quotations omitted)).

In his objections, Nix argues that he has been prejudiced by the delay because it "provided the Government an opportunity to have other alleged conspirators accept deals predicated on testifying against the Defendant to further retaliate against Defendant for resisting his drug charges." (Dkt. 138 at 6). Nix's arguments in this regard are completely speculative, and do not satisfy his burden to establish the requisite prejudice for a due process violation. *See, e.g.*, *United States v. Delacruz*, 970 F. Supp. 2d 199, 202 (S.D.N.Y. 2013) (rejecting as speculative defendant's argument that he was prejudiced by pre-indictment delay because it gave cooperators extra time to fabricate their stories).

Accordingly, for the reasons set forth herein and more fully in the Report & Recommendation, this Court agrees that Nix has failed to establish his entitlement to any relief based upon alleged pre-indictment delay.

## OTHER RELIEF REQUESTED BY NIX

In his objections, Nix includes a request that the Court "grant an Order of Disclosure of Brady material relating to this failure to identify/misidentification." (Dkt. 138 at 8). Nix also appears to raise objections to Magistrate Judge Payson's Decision & Order to the extent that it denied McCoy's request for the disclosure of confidential informants and/or co-conspirator statements, and Nix includes without explanation as a

final line in his objections a request for the "disclosure of information regarding Clarence Lambert's plea agreement and the insertion of 'M.N.'" (*Id.* at 11).

With respect to Nix's request for the release of *Brady* materials, it is the Government's obligation to disclose any such information in time for its effective use at trial. *United States v. Coppa*, 267 F.3d 132, 135, 142 (2d Cir. 2001). Nix has not presented any evidence to the Court at this juncture justifying the need for a separate Court order requiring the Government to comply with its existing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

In terms of the request for confidential informants and/or co-conspirator statements, Magistrate Judge Payson's Decision & Order is neither clearly erroneous nor contrary to law. This Court will issue an appropriate Pretrial Order that will govern the disclosure of this information sufficiently in advance of trial, and the Government has represented that it is prepared to comply in that regard.

Finally, in terms of the Clarence Lambert plea agreement, it is part of the docket in this case. (Dkt. 65). To the extent that Nix's request is seeking the disclosure of confidential informants, the Court agrees with Magistrate Judge Payson's analysis in her Decision & Order, and that determination was neither clearly erroneous nor contrary to law.

## CONCLUSION

For the reasons set forth above, and as more fully set forth in Magistrate Judge Payson's Report & Recommendation and Decision & Order, the Report & Recommendation is adopted in its entirety.

McCoy's and Nix's motions to dismiss, Nix's related request for disclosure of grand jury minutes, and McCoy's motion to suppress post-arrest statements (Dkt. 69; Dkt. 95; Dkt. 109; Dkt. 118) are **DENIED**; McCoy's motion to suppress the identification testimony of Ms. Delgado and Nix's motion to suppress the identification testimony of the witness who met with Agent Martineck on March 19, 2015 (Dkt. 69; Dkt. 95; Dkt. 109) are **GRANTED**; and McCoy's and Nix's motions to suppress identification testimony (Dkt. 69; Dkt. 95; Dkt. 109; Dkt. 118) are in all other respects **DENIED**. Finally, to the extent that Nix has attempted to appeal certain aspects of the Decision & Order, it is denied for the reasons set forth above and in Magistrate Judge Payson's Decision & Order.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:        November 28, 2016
              Rochester, New York