UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

MATTHEW NIX and EARL McCOY,

                Defendants.
_____

**DECISION AND ORDER**

6:14-CR-06181 EAW

On March 17, 2017, following a five-week trial, a jury found defendants Earl McCoy ("McCoy") and Matthew Nix ("Nix") (collectively "Defendants") guilty of: Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a) (count one); Hobbs Act robbery and attempted robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (counts three, five and eleven); brandishing firearms during and in relation to crimes of violence, in violation of 18 U.S.C. §§ 924(c)(1)(C)(i) and 2 (counts two, four, six and twelve); conspiracy to possess with intent to distribute and to distribute marijuana and heroin, in violation of 18 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) (count seven); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) (for McCoy), 924(c)(1)(C)(i) (for Nix), and 2 (count eight); and possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count nine for Nix and count ten for McCoy). (Dkt. 165; Dkt. 266; Dkt. 267; Dkt. 405; Dkt. 406). McCoy and Nix were sentenced on October 17, 2017, to aggregate sentences of 135 and 155 years, respectively. (Dkt. 405; Dkt. 406).

Defendants appealed their convictions and sentences to the Second Circuit. (Dkt. 407; Dkt. 408). On April 22, 2021, the Second Circuit issued a decision wherein it denied Defendants' motions for a new trial and affirmed their convictions on all counts other than count two—the § 924(c) conviction based on the Hobbs Act conspiracy. (Dkt. 514). The Second Circuit remanded the matter "for resentencing, and for consideration by the district court of what relief, if any, may be appropriate under the First Step Act [of 2018]." (*Id*. at 4). After argument and briefing by the parties, the Court issued a Decision and Order on May 31, 2022, concluding that § 403 of the First Step Act of 2018 ("FSA") did not apply to Defendants' resentencing because at the time the FSA was enacted, the original sentences had already been imposed. (Dkt. 535).

On August 2, 2022, before Defendants were resentenced, the Second Circuit's mandate was recalled in light of the Supreme Court's decision in *United States v. Taylor*, __ U.S.__, 142 S. Ct. 2015 (2022). (Dkt. 544). While the case was being relitigated before the Second Circuit, on September 30, 2022, the government advised the Court and Defendants that it had reversed its prior position on the applicability of the FSA and now took the position that § 403 applied where a defendant had been sentenced at the time the FSA was enacted but the sentence was subsequently vacated (as in the case of Defendants).

On February 14, 2023, the Second Circuit issued a mandate whereby it also reversed the convictions on counts four and six—the § 924(c) counts linked to the attempted Hobbs Act robbery convictions. (Dkt. 546). Thereafter, the parties filed further briefing on the applicability of the FSA. (Dkt. 549; Dkt. 550; Dkt. 551).

At the time of this Court's prior Decision and Order on May 31, 2022, the Second Circuit had not taken a position on § 403's applicability to a defendant who had been sentenced at the time the FSA was enacted but whose sentence was subsequently vacated, but two other circuit courts had addressed this specific issue and reached conflicting results: *United States v. Jackson*, 995 F.3d 522, 525 (6th Cir. 2021) (finding that § 403 did not apply), *cert. denied*, 142 S. Ct. 1234 (2022)[1] and *United States v. Bethea*, 841 F. App'x 544 (4th Cir. 2021) (finding that § 403 did apply).

Since then, the Second Circuit has still not opined on the issue. However, both the Ninth Circuit and the Third Circuit have sided with the Fourth Circuit. *See United States v. Mitchell*, 38 F.4th 382 (3d Cir. 2022); *United States v. Merrell*, 37 F.4th 571 (9th Cir. 2022). To be sure, those decisions have not been reached without controversy, as reflected by the dissent in *Merrell* and the concurring opinion in *Mitchell*. Nonetheless, this Court has carefully studied the various opinions on the issue, and deems it appropriate to revise its earlier determination. While far from clear cut, the Court is particularly persuaded by the reasoning of the concurring opinion in *Mitchell* that the issue is not whether at the time of the FSA's enactment a sentence was imposed as a historical fact—if that were the case, Defendants' sentences were imposed in this case prior to enactment of the FSA and therefore, as this Court previously concluded, under the plain language of § 403(b), the

---

[1] Another panel of the Sixth Circuit has recently reaffirmed its holding in *Jackson*, *see United States v. Carpenter*, No. 22-1198, 2023 WL 3200321, at *2 (6th Cir. May 2, 2023) ("*Jackson* dictates that § 403 of the First Step Act did not apply to Carpenter's resentencing. Yet one can argue that, in this case, Congress's sentencing provisions are working at cross-purposes."), although a petition for rehearing *en banc* in *Carpenter* is pending.

FSA does not apply. However, as the concurring opinion in *Mitchell* suggested: "We should ask not whether a sentence was imposed as a historical fact, but whether the law treats it as imposed." 38 F.4th at 392. Because the vacatur of the sentence voids a sentence "from the start," *id*. at 392, a defendant's sentence that is subsequently vacated after enactment of the FSA must be viewed from a legal perspective as not imposed at the time Congress enacted the FSA—even though as a matter of historical fact it was imposed.

Accordingly, after carefully considering the issue, the Court vacates its Decision and Order entered May 31, 2022 (Dkt. 535), and concludes that § 403 of the FSA applies to the resentencing of Defendants.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 11, 2023
       Rochester, New York